[No. 22558.   Department One.   October 29, 1930.]

VAN ZONNEVELD BROS. & PHILLIPO, LIMITED, *Appellant,*
v. HALSEY R. WATSON *et al., Respondents.*[1]

*G. E. Peterson* and *W. G. Palmer,* for appellant.
*Frank C. Owings,* for respondents.

TOLMAN, J.—This is an appeal by the plaintiff from
a judgment awarding it only the amount tendered into
court by the defendants, dismissing its action, and
awarding costs to the defendants.

The action is one to recover the purchase price of
certain merchandise alleged to have been sold and
delivered under and in accordance with the terms of
a written order or contract.   By the answer, a general
denial as to certain of the allegations of the complaint
was interposed, the written order was admitted, and
it was affirmatively pleaded that the merchandise was

[1]Reported in 292 Pac. 429.

shipped from abroad with the privilege of inspection before acceptance, which privilege was exercised, the merchandise found not to conform to that described in the written order, that a part thereof was condemned by the state horticultural authorities and by them destroyed, and that, by agreement between the parties, after the inspection the defendants received the remainder, not as a performance of the contract, but under an express agreement that they should pay for the merchandise received only what it was reasonably worth.

The reasonable worth is pleaded as being considerably less than the contract price, and the amount alleged to be the reasonable value, less a counterclaim for the proportion of freight, customs duties, and the like, paid by the defendants on the condemned portion, was tendered and paid into the registry of the court at the time the answer was served and filed. The affirmative matter, except as to the tender, was denied by reply.

At the time the case was first called for trial, the respondents, defendants below, moved the court to strike the complaint and the reply, and to enter judgment in accordance with the averments of their answer, because of the failure of the appellant, plaintiff below, to properly answer interrogatories theretofore propounded to it. The court denied the motion for judgment, but ordered a continuance, directed the appellant to answer certain specified interrogatories within twenty days, and further directed that it pay the per diem and mileage of the respondents' witnesses then in attendance, before the case should be tried on the merits.

Error is assigned upon the ruling requiring the interrogatories to be answered and the continuance of the cause, and also upon the awarding of costs, the

argument being advanced that the trial court abused his discretion in both respects. There is nothing in the record from which we can so hold. The interrogatories are not to be found in the transcript and, though introduced in evidence, do not appear among the exhibits. The original answers to the interrogatories, which the court held to be insufficient, are brought here by supplemental transcript, but, without the interrogatories which they purport to answer, we cannot tell whether or not they are responsive. Nor have we the answers to the interrogatories finally made, under the order above referred to, with which to compare the original answers.

Under these conditions, we must assume that the trial court exercised due discretion in determining that the original answers to the interrogatories were insufficient, and, that being so, the continuance was, of course, proper. Since the continuance resulted from appellant's fault, costs were properly awarded against it.

Thereafter, the case came on for trial before the court sitting without a jury, resulting in findings of fact and conclusions of law in all respects in harmony with the allegations of the answer, and a judgment in conformity therewith duly followed.

On the merits the questions involved are wholly questions of fact, as we view them, and, after a diligent study of the evidence, we are convinced that it well supports the findings of fact as made by the trial court.

The remaining assignment of error goes to the matter of costs only. No tender was made until after the action had been commenced. The clerk's filing fee and the sheriff's service charges, in all amounting to seven dollars, had been incurred and paid, as the trial court expressly found. The tender does not purport

to cover these costs or any of them. Our statute on tender, Rem. Comp. Stat., § 486, provides that such a tender shall include all costs that have accrued, and, failing to do that, the tender was, of course, insufficient. 26 R. C. L. 639. We conclude that the judgment for costs against the appellant and its surety on the cost bond must be set aside and costs be allowed to the appellant.

The judgment is accordingly reversed, with directions to enter a new judgment permitting appellant to withdraw the tendered money in the registry of the court, and awarding to it judgment for its taxable costs.

MITCHELL, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.